# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>    CRED INC., et al<br><br><br><br>                             Debtor. | Chapter 11<br><br>Bankruptcy Case No.: 20-12836 (JTD) |
| Uphold HQ Inc.<br><br>                             Appellant,<br><br>    v.<br><br>Cred Inc. Liquidation Trust, Cedric de Lisser, Christopher Moser and Michael Michelin, as trustees of the Trust<br><br>                             Appellee. | C.A. No. 23-211 MN<br><br>Bankr. BAP No. 23-00009 |

## <u>RECOMMENDATION</u>

At Wilmington this **21st** day of **March, 2023**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review which included a joint submission from counsel to determine the appropriateness of mediation in this matter. This submission provided by counsel for the parties was not made part of the court record because it relates to mediation.

This appeal was filed on February 24, 2023. Appellees maintain that the

Bankruptcy Court did not abuse its discretion by entering an order granting the Motion of the Trustees Cred Inc. Liquidation Trust under Section 105 of the Bankruptcy Code for Clarification of the July 19, 2022 Bench Ruling Regarding the Trust's Authority to Acquire Certain Third-Party Claims in that the court previously found assignments of third-party claims in connection with preferential transfer settlements were permissible under and consistent with the Chapter 11 cases.

Appellants argue that the Bankruptcy Court that the Motion was procedurally and substantively flawed by determining the Plan and Trust's liquidation Trust Agreement authorized the Trust to acquire third-party claims, making the Bankruptcy Court's determination contrary to the applicable law, records and prior findings in Chapter 11 Cases.

To date, the parties have not engaged in mediation or any other ADR process and do not believe that their contrary positions on this Appeal can be resolved through any form of ADR. As a result, both sides request that this Appeal be removed mandatory mediation and proceed through briefing in this Court.

| | |
|---|---|
| Appellants' Opening Brief | Due 30 days after entry of a Scheduling Order |
| Appellees' Response Brief | Due 30 days after the deadline for Appellants' Opening Brief |
| Appellants' Reply Brief | Due 30 days after the deadline for Appellees' Response Brief. |

In addition to the issues pertaining to mediation, the Parties request that this Court order this Appeal consolidated an appeal filed by Lockton Companies , C.A. No. 23-210-MN ("Lockton Appeal")  Both actions raise common questions which makes

consolidation appropriate and would provide judicial economy and/or avoid potential inconsistent outcomes.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation in this Court to allow the parties to resolve all pending issues. Since this Recommendation is consistent with the parties' request, no objections are anticipated pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge